UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARANBIR SINGH (A-Number: 240-286-247), <br><br> Petitioner, <br><br> v. <br><br> Orestes CRUZ, Field Office Director of Enforcement and Removal Operations, San Francisco Field Office, Immigration and Customs Enforcement; Markwayne MULLIN, Secretary, U.S. Department of Homeland Security; Pamela BONDI, U.S. Attorney General; Minga WOFFORD, Warden of Golden State Annex; Todd M. LYONS, Acting Director of United States Immigration and Customs Enforcement, <br><br> Respondents. | No.  1:26-cv-02501-KES-SAB (HC) <br><br> ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND REQUIRING BOND HEARING WITHIN FOURTEEN (14) DAYS <br><br> Doc. 1 |

Petitioner Karanbir Singh is an immigration detainee proceeding with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2.  Petitioner challenges his re-detention and raises a due process claim that this Court has previously addressed.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025); *Yon Kervis U. v. Chestnut*, No. 1:25-

1

CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025).

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition.  Doc. 5.  While respondents do not raise new legal arguments, they assert that this case is factually distinguishable because petitioner was arrested on state charges several days before his re-detention.  Doc. 6.  Petitioner filed a reply.  Doc. 7.

Respondents state that immigration authorities detained petitioner for violating his conditions of release from immigration custody.  Doc. 6 at 2.  But respondents do not assert that petitioner was convicted of any offense following his state arrest, and they do not argue that the statutory authority to detain petitioner shifted to 8 U.S.C. § 1226(c).  Respondents also acknowledge that, after the alleged violations, petitioner reported as requested for a scheduled check-in at an ICE office, where ICE detained him.  Doc. 6-1 at 2.  While the alleged violation of release conditions may be relevant to a neutral decisionmaker's determination as to whether petitioner is entitled to bond, they do not eliminate petitioner's due process right to a such determination.  *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025).

As respondents have not made any new legal arguments and have not identified any relevant factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025); *Yon Kervis U. v. Chestnut*, No. 1:25-CV-2066-KES-SAB (HC), 2026 WL 88983 (E.D. Cal. Jan. 12, 2026); and *Guzman v. Andrews*, No. 1:25-CV-01015-KES-SKO (HC), 2025 WL 2617256 (E.D. Cal. Sept. 9, 2025), the petition for writ of habeas corpus is GRANTED as to petitioner's due process claim,

for the reasons addressed in those prior orders.[1]

Respondents are ORDERED to provide petitioner Karanbir Singh (A-Number: 240-286-247) with a bond hearing before a neutral decisionmaker within fourteen (14) days of the date of this Order.  Respondents shall immediately provide petitioner with a copy of this Order and shall provide him with 48 hours' written notice before the bond hearing.  At that bond hearing, it is respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence.  If respondents do not provide petitioner with a bond hearing within fourteen days, then respondents must release him.

The Clerk of Court is directed to close this case and enter judgment for petitioner.  The Clerk is directed to serve Central Valley Annex with a copy of this Order.

IT IS SO ORDERED.

Dated:    May 1, 2026

UNITED STATES DISTRICT JUDGE

---

[1] The Court need not address petitioner's other claims as petitioner is entitled to the relief he seeks based on the Court's ruling on petitioner's due process claim.

3