UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Karanbir Singh (A-Number: 240-286-247),<br>Petitioner,<br>v.<br>Orestes Cruz, et al.,<br>Respondents. | No. 1:26-cv-02501-KES-SAB<br><br>ORDER GRANTING MOTION TO ENFORCE AND ORDERING PETITIONER'S RELEASE<br><br>Doc. 9 |

Karanbir Singh is an immigration detainee proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On May 1, 2026, the court granted the petition and ordered that Singh receive a bond hearing within fourteen days at which the government bore the burden to demonstrate by clear and convincing evidence that petitioner was a flight risk or danger such that his further detention was warranted. Doc. 8. The order required that Singh be released if respondents failed to provide him with such a hearing within 14 days. Singh has now filed a motion to enforce that order. Doc. 9. Singh's motion is granted and his release is ordered.

## I. BACKGROUND

Singh is a citizen and national of India. Doc. 1 at 2. Government agents apprehended Singh after he crossed the United States border on April 15, 2022. Doc. 1-1 at 8, 27; Doc. 6-1 at 2. They released Singh on recognizance and subject to certain conditions shortly thereafter. Doc. 1-1 at 14, 16, 27.

On March 15, 2026, California Highway Patrol Officers arrested Singh for driving under the influence. Doc. 6-1 at 3. Singh's counsel represents that his DUI arrest has not resulted in a conviction. Doc. 9 at 9. Several days after the arrest, ICE took Singh into custody, and he has since been detained in immigration custody at Golden State Annex. Doc. 1-1 at 28.

On April 2, 2026, Singh filed the petition in this case. Doc. 1. The court granted the petition and ordered that Singh receive a bond hearing within fourteen days or be released. Doc. 8. The order further specified that at the bond hearing, it would be the "respondents' burden to demonstrate that petitioner is a flight risk or danger to the community by clear and convincing evidence." *Id.* at 3.

At Singh's subsequent bond hearing, the immigration judge ("IJ") noted that the record consisted only of the court's order and Singh's evidence packet, which included a sponsor, identity documents, and a paycheck. Doc. 12, Audio Recording of Bond Hearing (lodged with Court) 01:45–02:15. The IJ then asked the government whether it had filed any documents in this case, and the government's counsel responded, "We have not your honor." *Id.* 02:15–02:21. This was the first and only time the government's counsel spoke during the hearing.

For the first few minutes of the hearing, the IJ repeatedly referred to Singh as "respondent" and indicated that it was Singh's burden to prove that he was not a danger to the community or flight risk. *See id.* 00:35–03:45. Singh's counsel corrected the IJ, pointing out that Singh was the "petitioner" and the government was the "respondent," and that the district court had ordered that the government bear the burden of proof. *Id.* 02:59–03:45. After reviewing this court's order, the IJ acknowledged that Singh's counsel was correct. *Id.* 03:43–03:47.

The IJ then asked Singh a series of questions. *Id.* 03:48–10:45. These included the following exchanges:[1]

> IJ: When was the last time you came to the United States?
>
> Singh: I crossed the border at 3-15-2022.
>
> IJ: And were you apprehended when you crossed the border?

[1] Singh communicated through an interpreter at the hearing.

Singh: I myself presented to the officer.

IJ: And what were the conditions of your release at that time?

Singh: [Inaudible] I was not given any conditions.

IJ: Okay. Are either your parents, grandparents, spouse, or children U.S. citizens or permanent residents?

Singh: I have my friends, my cousins, and also my relatives on my mothers' side.

IJ: Okay, so, just to be clear, no parents, parents, grandparents, spouse, or children are U.S. citizens or permanent residents, is that correct?

Singh: No.

IJ: And you said you have some cousins and some other further away relatives on your mother's side, is that correct?

Singh: Yes.

*Id*. 04:10–06:42.

IJ: Sir, have you ever been arrested or convicted of any crimes, any time, anywhere?

Singh: No I have not been.

*See id*. 09:30–11:30.

Singh noted that after he his state arrest on a DUI charge, he reported to an ICE office as directed, where immigration officials detained him. *Id.* The government does not assert that Singh was ever convicted of the DUI charge, nor did the government present any evidence to the immigration judge concerning the circumstances of his state arrest. The immigration judge detained Singh as a danger and a flight risk.

## II. DISCUSSION

When a noncitizen has previously been released following a determination that she is not a flight risk or danger to the community, and then is subsequently re-detained, due process requires a bond hearing at which the government bears the burden of proving that the noncitizen is a flight risk or danger to the community by clear and convincing evidence. *See, e.g.*, *Chateauneuf v. Chestnut*, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *5 (E.D. Cal. Feb. 25, 2026) ("Where a noncitizen had previously been released from ICE detention, indicating

ICE determined the noncitizen was neither a flight risk nor a safety risk to community, this court has found that the government bears the burden of justifying the noncitizen's re-detention without bond . . . ."); *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1038 (N.D. Cal. 2025) (same); *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1093 (N.D. Cal. 2025) (same).[2] Courts have required that the burden be on the government because "the immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk." *Ortiz Donis v. Chestnut*, No. 1:25-CV-01228 JLT SAB, 2025 WL 2879514, at *15 (E.D. Cal. Oct. 9, 2025). "Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention." *Id.*[3]

Thus, this court ordered respondents to provide Singh with a hearing at which the government carried the burden of demonstrating by clear and convincing evidence that Singh is a danger to the community or a flight risk. Doc. 8 at 3. When determining whether an immigration judge correctly allocated the burden of proof, courts have reviewed both for abuse of discretion, *Ding v. Noem*, No. 1:26-CV-01217-DJC-SCR, 2026 WL 2056592, at *2 (E.D. Cal. July 16, 2026), and de novo, *N.A. v. Warden, Adelanto Det. Facility*, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *6 n.2 (C.D. Cal. Apr. 15, 2026), *appeal filed*, No. 26-3901 (9th Cir. June 17, 2026). But here, the court need not resolve which standard of review is appropriate, because the decision

---

[2] At a hearing conducted pursuant to 8 U.S.C. § 1226(a) following an initial detention, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (quoting *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

[3] *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022), does not foreclose Singh's due process claim. There, the court upheld § 1226(a)'s procedures as applied at an initial custody determination. As another court explained in a similar case involving a noncitizen who was released from detention pursuant to § 1226(a) and subsequently re-detained without bond, *Rodriguez Diaz* "is inapposite" here. *Andudia-Carillo v. Albarran*, No. 25-CV-10380-VC, 2025 WL 4479434, at *1 (N.D. Cal. Dec. 17, 2025). "Unlike the petitioner in *Rodriguez Diaz*, [the petitioner] was initially released" following a finding that he was not a flight risk or danger. *Id.* "*Rodriguez Diaz* therefore does not limit the Due Process rights of those petitioners whom the government had already voluntarily released." *Id.*; *see Rodriguez Diaz*, 53 F.4th at 1213 ("[W]e do not foreclose all as-applied challenges to § 1226(a)'s procedures" because "[d]ue process is a flexible concept that varies with the particular situation.").

would not be determinative. Under either standard, the IJ erred in this case by failing to hold the government to its burden to show petitioner was a danger to a community or a flight risk, as the government made no argument and presented no evidence that would support such finding. *See Ding v. Noem*, No. 1:26-CV-01217-DJC-SCR, 2026 WL 2056592, at *2 (E.D. Cal. July 16, 2026); *N.A. v. Warden, Adelanto Det. Facility*, No. 5:25-CV-03007-MBK, 2026 WL 1045196, at *8 (C.D. Cal. Apr. 15, 2026), *appeal filed*, No. 26-3901 (9th Cir. June 17, 2026); *Tiboko-Tifuh v. Noem*, No. 26-CV-1215-JO-DEB, 2026 WL 1603795, at *3 (S.D. Cal. June 4, 2026). Government's counsel spoke only once throughout the hearing, to acknowledge that the government had submitted no evidence. *See generally* Doc. 12. And to the extent the IJ relied on petitioner's state arrest on a DUI charge, the government concedes that petitioner was not convicted of any offense and the government did not present any evidence to the IJ concerning the circumstances of petitioner's arrest. The government cannot have carried its burden on the evidence before the immigration court.

Respondents argue that the IJ placed the burden on the government because she expressly acknowledged that the court's order instructed her to do so. Doc. 11 at 6; Doc. 12 03:43–03:47. But "the IJ's mere recitation of the applicable legal standard is not enough when the IJ's decision makes it clear . . . that the IJ did not actually apply the standard in his reasoning and decision." *Ramos-Portillo v. McAleenan*, No. 18-cv-0260-MWF-SS, 2019 WL 3246499, at *1 (C.D. Cal. July 19, 2019).

Respondents also argue that Singh has not exhausted his administrative remedies. Doc. 11 at 2–5. But the prudential exhaustion requirement does not apply on petitioner's motion for the court to enforce its own order. *See Kumar v. Warden of the Golden State Annex Detention Facility*, No. 1:26-cv-00035-KES-CDB, 2026 WL 2078191, at *5 (E.D. Cal. Jul. 17, 2026); *Kumar v. Noem*, No. 1:26-cv-01148-DJC-AC, 2026 WL 983129, at *3 (E.D. Cal. Apr. 13, 2026).

Finally, respondents argue that "ordering release would exceed the scope of the Court's injunction." Doc. 11 at 6–7. This is incorrect. The court ordered that, within 14 days of May 1, 2026, respondents either provide Singh with a bond hearing at which they bore the burden of proof, or release Singh if they failed to do so. Doc. 8 at 3. Respondents failed to comply with the

court's order, and release is therefore warranted. *E.g., Kumar*, 2026 WL 2078191, at *6.

## III. CONCLUSION

It is ORDERED that:

1. The motion to enforce, Doc. 9, is GRANTED.
2. Respondents are ORDERED to release petitioner Karanbir Singh (A-Number: 240-286-247) immediately. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner unless they demonstrate, by clear and convincing evidence at a pre-deprivation bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.
3. Respondents are ORDERED to provide petitioner with a copy of this Order upon his release.
4. The Clerk of Court is directed to close this case and enter judgment for petitioner.
5. The Clerk is directed to terminate any remaining motions as moot.
6. The Clerk is directed to serve Golden State Annex with a copy of this Order.

IT IS SO ORDERED.

Dated: October 30, 2026

UNITED STATES DISTRICT JUDGE